IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

JOSE ANICO

CRIMINAL
NO. 19-86

## MEMORANDUM OPINION

**Schmehl, J.  /s/JLS**                                                      **September 9, 2020**

Before the Court is a counseled motion filed by Defendant Anico that seeks

compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a

response, and argument was held. Defendant's motion is now ready for decision.

## I.     STATEMENT OF FACTS

Defendant Jose Anico was born on May 24, 1949, in the Dominican Republic.

The defendant is not a United States citizen and has never had lawful permission to reside

or work in the United States. Prior to 2002, the defendant obtained the personal

identification information of A.M., including his name, date of birth, and Social Security

number. In May 2002, the defendant, under the assumed identity of A.M., filed for

Supplemental Security Income (SSI) and was awarded benefits effective August 2002.

The total SSI payments paid to the defendant, under the assumed name of A.M., was

$67,762.70.

Social Security Administration records also show that the defendant applied for

and received Retirement and Survivor's Insurance (RSI) benefits under A.M.'s name

beginning in November 2010. The total RSI payments paid to the defendant beginning in

November 2010 until 2019 was $72,809.90. Thus, the total loss to the SSA for the

defendant's fraudulently obtained benefits was $140,572.60.

In addition, due to his receipt of SSA benefits, the defendant, again under the

assumed identity of A.M., received Medicare coverage and benefits totaling $334,429.91

beginning in April of 2013. On April 17, 2019, the defendant pled guilty to one count of

false statements in connection with an application for a passport, in violation of 18 U.S.C.

§ 1542; one count of aggravated identity theft, in violation of 18 U.S.C. §1028A; five

counts of wire fraud, in violation of 18 U.S.C. § 1343; and four counts of health care

fraud, in violation of 18 U.S.C. § 1347.

On December 19, 2019, Anico was sentenced to, *inter alia*, 36 months of

imprisonment followed by three years of supervised release. Anico is serving his

sentence at North Lake Correctional Facility, with an anticipated release date of

September 3, 2021. He has not committed any disciplinary infractions during his time in

custody.

Anico's request for compassionate release is based upon the following medical

conditions: a history of lung issues including a pulmonary nodule and sleep apnea,

hypertension and related cardiac diseases which have resulted in a heart attack and

coronary artery disease. Anico requested compassionate release from the facility

administrator at North Lake and was informed by letter dated May 6, 2020, that his

request was denied. Thereafter, Anico filed a counseled motion in this Court seeking

compassionate release. The Government responded to the motion for compassionate

release, a telephonic hearing was held on the issue, and it is now ripe for decision.

Along with the response to his motion, the Government also provided Anico's

medical records from the Bureau of Prisons. The records reveal that Anico, who is 71

years old, suffers from inflammation disease of the prostate, gastroesophageal reflux

disease, hypertension, vertigo, constipation, lower back pain, and sleep apnea.

## II.     LEGAL AUTHORITY

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the

First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may
> not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of
> > > Prisons, or upon motion of the defendant after the defendant has
> > > fully exhausted all administrative rights to appeal a failure of the
> > > Bureau of Prisons to bring a motion on the defendant's behalf or
> > > the lapse of 30 days from the receipt of such a request by the
> > > warden of the defendant's facility, whichever is earlier, may
> > > reduce the term of imprisonment (and may impose a term of
> > > probation or supervised release with or without conditions that
> > > does not exceed the unserved portion of the original term of
> > > imprisonment), after considering the factors set forth in section
> > > 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i) extraordinary and compelling reasons warrant such a
> > > > reduction . . . and that such a reduction is consistent with
> > > > applicable policy statements issued by the Sentencing
> > > > Commission . . . .

The relevant Sentencing Guidelines policy statement appears at § 1B1.13, and

provides that the Court may grant release if "extraordinary and compelling

circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to

the extent that they are applicable," and the Court determines that "the defendant is not a

danger to the safety of any other person or to the community, as provided in 18 U.S.C. §

3142(g)." In application note 1 to the policy statement, the Commission identifies

"extraordinary and compelling reasons" that may justify compassionate release as

follows:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I)  suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant

(i)      is at least 65 years old;

(ii)     is experiencing a serious deterioration in physical or mental health because of the aging process; and

(iii)    has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

4

(C) Family Circumstances.—

      (i)     The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.— As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances that meet the test for compassionate release. *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

Accordingly, if a defendant's medical condition is found to be the type of condition that puts a defendant at the increased risk of an adverse outcome from COVID-19, a court must then analyze the factors under section 3553(a) and the Sentencing Commission's policy statement. Section 3582(c)(1)(A) requires a court to consider the "factors set forth in section 3553(a) to the extent they are applicable" before a sentence may be reduced. These factors require a determination of whether the sentence served "reflect[s] the nature and circumstances of the offense and the history and characteristics of the defendant;" "reflect[s] the seriousness of the offense;" "promote[s] respect of the law;" and "afford[s] adequate deterrence to criminal conduct." The statute also instructs a court to consider the Sentencing Commission's policy statement, which allows a sentence reduction only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.

### III.    DISCUSSION

Anico argues that his age and medical conditions put him at increased risk of an adverse outcome from COVID-19, which results in an "extraordinary and compelling" reason for his release from incarceration. Accordingly, I will analyze his motions under sections (A) and (B) of the Sentencing Guidelines policy statement set forth above.[1]

Anico asserts that he suffers from conditions that are CDC risk factors in relation to COVID-19, namely his age combined with heart and lung issues. Specifically, Anico claims that he suffers from a history of lung issues including COPD and cardiac disease which resulted in a heart attack, as well as heart disease. (ECF No. 38, pp. 1, 13.) The Government contends that Anico has presented no evidence of conditions that are CDC risk factors, as he provided no medical records reflecting COPD, heart disease or any other cardiac issues. The only medical records provided to the Court are from the BOP, and they show an individual who mainly has complained of stomach pain, constipation and lower back pain.

Anico relies exclusively on the PSR to support his medical claims, as it cites numerous ailments that the defendant was treated for prior to his incarceration under an assumed identity. PSR ¶ 74. The medical records received from BOP reveal that Anico's health, while complicated, is in stable condition. *See* ECF No. 39, Exh. A. The defendant's medical history includes hypertension, gastro-esophageal reflux disease, hyperlipidemia, inflammatory disease of the prostate, lower back pain, and constipation. *Id.* at p. 15. While the CDC has identified chronic lung disease and serious heart conditions as risk factors,

---

[1] Anico does not argue the "family circumstances" reasons of subsection (C) or the "other reasons" set forth in subsection (D). USSG § 1B1.13.

BOP records do not show that the defendant suffers from these ailments. There is no evidence that he ever sought or received treatment while incarcerated from a cardiologist or pulmonologist. His clinical visits in prison appear to be routine or the result of back pain, abdominal pain, a urinary tract infection, or constipation. *See* ECF No. 39, Exh. A at p. 3, 14, 18, 23, 25, 31, 36, 51.

There is insufficient evidence to allow me to determine that Anico's medical conditions place him at greater risk of an adverse outcome from COVID-19, and therefore, he does not present an "extraordinary and compelling reason" for relief. As further support for this decision, I note that the medical records from the BOP reflect that Anico tested positive for COVID-19 on March 16, 2020 and has since recovered. Courts have denied COVID-19-based motions for compassionate release filed by inmates who have already contracted the virus. *See United States v. Dan*, 2020 WL 3453845, at *5 (D. Haw. June 24, 2020); *United States v. Mogan*, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020); *United States v. Russo*, 2020 WL 1862294, at *8 (S.D.N.Y. Apr. 14, 2020) (denying otherwise meritorious motion for compassionate release because defendant tested positive for COVID-19 during the pendency of the motion); *United States v. McCollough*, 2020 WL 2812841, at *2 (D. Ariz. May 29, 2020). Further, courts have found that an inmate's possibility of reinfection with COVID-19 is not an "extraordinary and compelling reason" for release. *See United States v. Baker*, 2020 WL 4584195, at *4 (E.D. La. Aug. 10, 2020) (the possibility of defendant becoming reinfected with COVID-19 does not rise to the level

of an "extraordinary and compelling reason" for release); *United States v. Davis*, 2020 WL 3790562, at \*3 (S.D.N.Y. July 7, 2020); *McCollough*, 2020 WL 2812841, at \*2. [2]

As I find that Anico's medical conditions do not rise to the level that increases his likelihood of an adverse outcome from COVID-19, especially since he has already contracted and recovered from the virus, his motion for compassionate release will be denied.[3]

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is denied.

---

[2] To the extent Anico is arguing that he is entitled to compassionate release due to his age under section B of the relevant Sentencing Guidelines policy statement set forth above, he does not qualify for release as he has not yet served 75 percent of his sentence.

[3] As I have determined Anico does not have a risk factor that justifies release, I do not need to address the factors under 18 U.S.C. § 3553 or his potential danger to the community.